270    APPELLATE COURTS OF ILLINOIS.

Baethke v. The Aurora, Elgin & Chicago R. Co., 185 Ill. App. 270.

3. ELECTION OF REMEDIES, § 3*—*when court of equity may compel election.* If after a bill in equity has been filed, so that the jurisdiction of the court has attached and the case is not one where a party may proceed, as in the case of a mortgage, in equity and at law at the same time, the court of equity will compel the party to make an election in which court he will proceed and the proceedings in the other court will be stayed.

4. APPEAL AND ERROR, § 1705*—*when objection not urged as ground for new trial is waived.* On appeal from a judgment awarding a building contractor a recovery for labor and materials furnished under a building contract, an objection that the contractor had not obtained a city license is waived where such objection was not urged as a ground in defendant's motion for a new trial.

5. BUILDING AND CONSTRUCTION CONTRACTS, § 105*—*when modification of requested instruction not error.* In an action to recover for work and materials performed under a building contract, trial court's modification of instructions asked by defendant by inserting the words "substantially" and "reasonable," *held* not error.

## H. W. Baethke, Administrator, Appellee, v. The Aurora, Elgin & Chicago Railroad Company, Appellant.

### Gen. No. 18,798.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by H. W. Baethke, administrator of the estate of John Barnowski, deceased, against The Aurora, Elgin & Chicago Railroad Company, a corporation, to recover damages for causing the death of deceased. From a judgment in favor of plaintiff, defendant appeals.

A judgment on a directed verdict of not guilty was reversed in *Baethke v. Aurora, E. & C. R. Co.,* 163 Ill.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

App. 30. The facts in the above case are stated in the opinion in that case.

HOPKINS, PEFFERS & HOPKINS, for appellant.

STEPHEN JANOWICZ, WILLIAM G. WOOD and CYRUS J. WOOD, for appellee.

MR. PRESIDING JUSTICE°BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 567*—*when averments as to care of plaintiff not limited to the time of the injury.* Where the counts in a declaration aver that the deceased while crossing the tracks of the defendant was in the exercise of due care for his own safety and that "through no fault of his own" he was struck and injured, etc., *held,* that the averments as to the exercise of care by the plaintiff was not limited to the time he was struck, so that the giving of an instruction, that if the jury found that plaintiff had made out his case as alleged in the counts in the declaration they should find the defendant guilty, was error.

2. APPEAL AND ERROR, § 1725*—*conclusiveness of decision on former appeal.* A decision of the Appellate Court on a former appeal is not conclusive on the question of contributory negligence, where the question presented on the former appeal was whether plaintiff's evidence would warrant the direction of a verdict for defendant and on the subsequent appeal the question is whether the verdict is so clearly against the evidence that the court should set it aside.

---

## Harry de Joannis, Appellee, v. Domestic Engineering Company, Appellant.

### Gen. No. 18,803.

1. APPEAL AND ERROR, § 775*—*when bill of exceptions becomes part of the record.* A bill of exceptions becomes a part of the record by being signed and sealed by the trial judge.

2. APPEAL AND ERROR, § 903*—*when original bill of exceptions is incorporated in the transcript of record.* The original bill of exceptions *held* properly incorporated in the transcript of the record